UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZIVA AND PERSIDA STELKIC,

        Plaintiffs,

   v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE CO.

        Defendant.

Case No. 15-cv-12215
Hon. Mark A. Goldsmith

_____

Brian J. Miles (P37186)
D'LUGE, MILES, MILES & CAMERON PLC
67 North Walnut
Mount Clemens, MI 48043
(586) 468.7511
bmiles@dmmplc.com
_____

## FIRST AMENDED COMPLAINT

Plaintiffs, Ziva Stelkic and Persida Stelkic, through their attorneys, D'Luge, Miles, Miles & Cameron PLC, bring the following First Amended Complaint in admiralty and allege upon information and belief, as follows:

1.    Plaintiffs bring this suit against the Defendant pursuant to the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

1

2.      Alternatively, this Court has subject-matter jurisdiction over this claim pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendant.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because it is a district in which a substantial part of the events or omissions giving rise to the claim occurred, and Defendant is subject to personal jurisdiction in this district.

## **PARTIES**

4.      At all material times, Plaintiffs were domiciled in the State of Michigan residing at 4052 Clear Spring Court, Shelby Township, Michigan 48316-4028.

5.      Upon information and belief Defendant, Allstate Property and Casualty Insurance Company (hereinafter referred to as "Underwriter"), at all material times was and is an insurance company authorized to transact business in the State of Michigan and was, at the time of the commencement of this action and at all material times, a corporation duly created and organized by and under the laws of the State of Illinois.

6.      Underwriter does not have and never has had a principal place of business in the State of Michigan; rather, its principal place of business is in the State of Illinois.

7.  At all material times Plaintiff's were the owners of a 1995 Sea Ray Motor Yacht, with identification number SERY0143C595. (The "Vessel")

8.  Underwriter issued a marine insurance policy to Plaintiffs, policy number: 9 06 545114 01/24, valid from January 24, 2014-January 24, 2015 (The "Policy"). The policy covered Plaintiffs' 63 foot Sea Ray motor yacht against marine risks that could affect maritime commerce. The Vessel operated on the Great Lakes and their tributaries.

## COUNT I – BREACH OF CONTRACT

9.  Plaintiffs repeat and re-alleges each of the allegations set forth in Paragraphs 1-8 as if fully set forth herein.

10.  On or about July 15, 2014, after refueling the Vessel at Belle Maer Harbor, a marina located on Lake St. Clair, a navigable water of the United States located in Macomb County, Michigan, the Vessel's starboard engine was started and immediately over-revved out of control causing serious damage to the engine.

10.  Damage to the engine was proximately caused by contamination that affected the operation of the fuel injection pump. The contaminants' intrusion into the fuel injector resulted in a sudden and accidental direct physical loss to the engine.

11.  The fuel injector contamination was a proximate cause of the engine damage resulting in repair costs in excess of $104,711.00.

12.     The damage to the Vessel's starboard engine was caused by perils insured against according to the terms of the policy of insurance.

13.     Following the occurrence, Plaintiffs properly reported the damage to Underwriter and made a claim for the damage. Claim number 0335649216CHK was assigned and Plaintiffs have duly complied with and performed all conditions imposed upon them as provided by the Policy.

14.     Plaintiffs have demanded of Defendant that their claim be paid pursuant to the Policy, but Defendant has declined and refused to do so.

15.     Plaintiffs are the sole beneficiary under the aforesaid Policy.

16.     Based upon the foregoing, Defendant has breached its duties and obligations as an insurer under the Policy.

17.     Defendant failed to honor its obligations under the Policy by first denying coverage on the basis of its claim that the damage was caused by "structural or electrical or mechanical breakdown, or overheating," or that it was not a "sudden or accidental direct physical loss to property."

18.     In light of Defendant's failure to honor its contractual obligations, Plaintiffs have suffered damages in excess of $104,711.00, plus interest and costs.

19.     By failing to cover the full amount of the loss, Defendant has materially breached the terms of the insurance contract as agreed to in the Policy with Plaintiffs.

20. By reason of the foregoing, Plaintiffs sustained damages in the amount of $104,711.00 and are entitled to recover that amount plus fees, interests, and costs, until paid.

WHEREFORE, Plaintiffs pray for a judgment against Defendant in the amount of $104,711.00, plus prejudgment interest, attorney fees, and any other relief this Court deems proper and just under the circumstances.

Respectfully submitted,

D'LUGE, MILES, MILES & CAMERON P.L.C.

/s/ Brian J. Miles_____
Brian J. Miles (P37186)
Attorney for Plaintiffs
67 N. Walnut
Mount Clemens, MI 48043
(586) 468-7511
bmiles@dmmplc.com

Dated: July 2, 2015